**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| SCOTT T. NILES, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 1:16-cv-02214-TWP-MJD |
| NANCY A. BERRYHILL,[1] Acting Commissioner of the Social Security Administration, | ) ) ) ) ) | |
| Defendant. | ) ) | |

## ORDER ON THE MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Plaintiff Scott T. Niles ("Niles"), appeals the Administrative Law Judge's decision denying his applications for Social Security Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and Supplemental Security Income ("SSI") under Title XVI of the Act. Pursuant to 28 U.S.C § 636, the Court referred the matter to the Magistrate Judge (Filing No. 22), who submitted his Report and Recommendation on June 16, 2017, recommending that the decision of the Commissioner be reversed and remanded for further consideration (Filing No. 23). The Commissioner timely filed an Objection to the Magistrate Judge's Report and Recommendation (Filing No. 24). For the reasons set forth below, the Court **OVERRULES** the Commissioner's Objection, **ADOPTS** the Report and Recommendation, and **REMANDS** the decision of the Commissioner for further consideration.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Commissioner Carolyn W. Colvin as the defendant in this suit.

# I. BACKGROUND

The relevant procedural history and factual background of this matter are set forth in detail in the Magistrate Judge's Report and Recommendation ([Filing No. 23](#)) and the parties briefs ([Filing No. 19](#) and [Filing No. 20](#)) and thus will only be summarized in this Order.

Niles filed an application for DIB on February 28, 2013, and for SSI on March 2, 2013, alleging April 1, 2011, as the disability onset date. In his disability applications, Niles asserted the following impairments: depression, anxiety, bipolar disorder, asthma, and obesity ([Filing No. 17-3 at 14](#)). His applications were denied initially on May 17, 2013, and again on reconsideration on July 1, 2013. Niles timely requested a hearing on his applications, which was held before Administrative Law Judge Ronald T. Jordan ("ALJ") on February 3, 2015. The ALJ then issued his decision on February 19, 2015, denying Niles's applications, having determined that he was not disabled. Niles sought review of the ALJ's decision by the Appeals Council. On June 20, 2016, the Appeals Council denied Niles's request to review the ALJ's decision, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review.

Niles timely filed his Complaint with the Court on August 18, 2016, seeking judicial review of the Commissioner's decision. On May 12, 2017, this Court issued an order referring the matter to the Magistrate Judge for a Report and Recommendation. The Magistrate Judge filed his Report and Recommendation on June 16, 2017, recommending remand of the case for further consideration. Thereafter, on June 28, 2017, the Commissioner filed her Objection to the Report and Recommendation, asserting that substantial evidence supported the ALJ's decision and the decision was sufficiently explained. Although not explicitly argued, the Commissioner appears to assert that the Magistrate Judge improperly reweighed the evidence when making his recommendation to remand the case for further consideration.

Niles was born in November 1972 and was 46 years old at the time of his alleged disability onset date. He has suffered various mental health impairments, including depression, anxiety, and bipolar disorder, for a number of years. He has sought treatment from mental health care providers through counseling, individual therapy, group therapy, and medication management. Niles's treatment has had varying degrees of effectiveness over time. His treatment records show that he has had times of compliance with medications and therapy and other times when he has been less compliant with his treatment plan. One of his treatment notes indicates that Niles is seriously mentally ill and has attempted suicide multiple times ([Filing No. 17-7 at 27](#)).

Niles has a bachelor's degree and an employment history of working as a social services aide, census taker, and security guard. He has been involved in some volunteer work, and he fairly regularly attends church. However, Niles's activities of daily living and his ability to work have been affected by his various mental health impairments. Thus, he applied for SSI and DIB.

## II. LEGAL STANDARD

When the Court reviews the Commissioner's decision, the ALJ's findings of fact are conclusive and must be upheld by this Court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* The Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). The ALJ "need not evaluate in writing every piece of testimony and evidence submitted." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993). However, the "ALJ's decision must be based upon consideration of all the relevant evidence." *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). To be affirmed, the ALJ must articulate her analysis of the evidence in her decision, and while she "is not required to address

every piece of evidence or testimony," she must "provide some glimpse into her reasoning . . . [and] build an accurate and logical bridge from the evidence to her conclusion." *Dixon*, 270 F.3d at 1176. The Court "must be able to trace the ALJ's path of reasoning" from the evidence to her conclusion. *Clifford v. Apfel*, 227 F.3d 863, 874 (7th Cir. 2000).

When a party raises specific objections to elements of a magistrate judge's report and recommendation, the district court reviews those elements *de novo*, determining for itself whether the Commissioner's decision as to those issues is supported by substantial evidence or was the result of an error of law. *See* Fed. R. Civ. Pro. 72(b). The district court "makes the ultimate decision to adopt, reject, or modify the report and recommendation, and it need not accept any portion as binding; the court may, however, defer to those conclusions . . . to which timely objections have not been raised by a party." *Sweet v. Colvin*, 2013 U.S. Dist. LEXIS 141893, at *3 (S.D. Ind. Sept. 30, 2013) (citing *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759–61 (7th Cir. 2009)).

### III.  DISCUSSION

In his appeal of the ALJ's decision, Niles advanced two primary arguments: (1) the ALJ did not adequately explain his rationale for giving a treating physician's opinion little weight, and (2) the ALJ erred by not utilizing a portion of a consulting physician's functional capacity assessment while utilizing another portion of this physician's assessment.

Concerning this second argument, the Magistrate Judge explained that the ALJ committed no error warranting remand because Niles selectively quoted only a portion of the consulting physician's assessment while ignoring the portion of the assessment that supported the ALJ's analysis and conclusion. Neither party objected to the Magistrate Judge's recommendation regarding this second argument, and there is no error of law or fact in the Magistrate Judge's analysis and conclusion; therefore, the Court adopts this portion of the Report and

4

Recommendation, finding that remand is not warranted based on the ALJ's adoption of a portion of the consulting physician's functional capacity assessment.

Niles also argues that the ALJ failed to adequately explain his rationale for giving little weight to the opinion of Timothy Swain ("Mr. Swain"), one of Niles's treating "physicians." Niles met with Mr. Swain for more than a year to receive therapy for his mental health impairments. Mr. Swain completed a medical assessment of Niles, wherein he opined that Niles suffered marked difficulties in the areas of social functioning and maintaining concentration, persistence, and pace. In his written decision, the ALJ noted that he gave Mr. Swain's medical opinion little weight ([Filing No. 17-2 at 20](Filing No. 17-2 at 20)).

On appeal, Niles specifically asserts that the ALJ erred because he failed to provide an adequate explanation of why he gave Mr. Swain's opinion little weight, and further, the ALJ did not discuss the regulatory factors that are to be considered when weighing a treating physician's opinion.

In addressing these arguments, the Magistrate Judge explained,

> In the single paragraph addressing the Swain/Schiltz opinion, the ALJ string cited multiple medical records without any further explanation. Niles asserts this is insufficient, and the Court agrees. If the ALJ decides to not give controlling weight to the treating physician's opinion (or, in this case, the treating therapist and physician team), he must explain his reasons for doing so in order to construct the "logical bridge" to his conclusion. *See Scott v. Astrue*, 647 F.3d 734, 740 (7th Cir. 2011). A conclusory sentence stating that the medical opinion is inconsistent with the remainder of the record is not sufficient. *See Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000).

([Filing No. 23 at 7](Filing No. 23 at 7).) The Magistrate Judge noted, "the ALJ does not explain why he believes Swain's statements are inconsistent with the medical record as a whole," and "the ALJ did not provide a logical bridge from the medical records to his conclusion to assign little weight to the opinion of Niles's treating source." *Id.* at 8–9.

5

Regarding the regulatory factors to be considered when weighing a treating physician's opinion, the Magistrate Judge noted that an "ALJ is not required to address each factor in one particular place in the opinion," but all the factors must be considered when making the decision. *Id.* at 9. The Magistrate Judge observed that "the ALJ acknowledges the treating relationship, but there is no indication that the ALJ took any of the other factors into account when he assigned 'little weight' to the Swain/Schiltz opinion." *Id.*

In reaching his conclusion that remand for further consideration is appropriate, the Magistrate Judge explained, "As the ALJ failed to adequately explain his reasons for discrediting the Swain/Schiltz opinion, including addressing the required factors above, the ALJ failed to construct the necessary logical bridge from the evidence to his conclusion." *Id.*

In her Objection to the Report and Recommendation, the Commissioner argues that the Magistrate Judge misread the ALJ's decision and did not understand the reasons why the ALJ discounted Mr. Swain's opinion. The Commissioner very briefly gives her explanation of the ALJ's rationale for reaching his decision and then asserts, "it was the ALJ's job to weigh the evidence," and "[w]hether this Court might reach a different reasonable conclusion is not the applicable standard." ([Filing No. 24 at 2](Filing No. 24 at 2).)

A review of the ALJ's decision and the Magistrate Judge's Report and Recommendation reveals that the Magistrate Judge correctly assessed the ALJ's decision and did not reweigh the evidence. Instead of reweighing the evidence to reach a different conclusion, the Magistrate Judge simply determined that the ALJ failed to build a logical bridge between the evidence and his conclusion. Indeed, the ALJ failed to discuss in any way how or why Mr. Swain's opinion was inconsistent with the record and entitled to only little weight. A generic string citation to four

exhibits consisting of 125 pages does not provide a path of reasoning for a reviewing court to follow. (*See* Filing No. 17-2 at 20.)

While the ALJ "is not required to address every piece of evidence or testimony," he must "provide some glimpse into [his] reasoning . . . [and] build an accurate and logical bridge from the evidence to [his] conclusion." *Dixon*, 270 F.3d at 1176. The Court "must be able to trace the ALJ's path of reasoning" from the evidence to his conclusion. *Clifford*, 227 F.3d at 874. The ALJ's decision provides no "path of reasoning" for the Court to "trace" concerning his treatment of Mr. Swain's medical opinion. This warrants remand for further consideration by the ALJ.

The Commissioner further argues that the Magistrate Judge's conclusion—that "there is no indication that the ALJ took any of the other factors into account when he assigned 'little weight' to the Swain/Schiltz opinion"—"is contrary to the Magistrate Judge's acknowledgement that an ALJ need not discuss every factor, because it seems to require a written 'indication' in the decision that the ALJ assessed every factor." (Filing No. 24 at 3.) She asserts,

> To the extent that the R&R requires a discussion or "indication" in the ALJ's decision about each regulatory factor, this is contrary to controlling law. The ALJ need not discuss every factor listed in the regulations, but rather need only "minimally articulate" his reasons for the weight he assigned to a medical opinion.

*Id.*

However, the Commissioner's argument misconstrues the Report and Recommendation, wherein the Magistrate Judge clearly explained that an ALJ is not required to address each factor "in one particular place in the opinion." (Filing No. 23 at 9.) Furthermore, the ALJ did not minimally articulate reasons for his decision to give little weight to Mr. Swain's opinion. It is not enough for an ALJ to simply acknowledge only one of the many regulatory factors and then in a conclusory statement assert that he "acknowledged the treating relationship" when determining the weight to be given a treating physician's opinion. The ALJ's decision falls short of providing

7

a glimpse into his reasoning and building an accurate and logical bridge from the evidence to his conclusion.

## IV.    CONCLUSION

The Court finds no error of law or fact in the Report and Recommendation and therefore **OVERRULES** the Commissioner's Objection (Filing No. 24). For the reasons set forth above, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation (Filing No. 23). The final decision of the Commissioner is **REMANDED** for further proceedings as authorized by Sentence Four of 42 U.S.C. § 405(g).

**SO ORDERED.**

Date: 9/20/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Julie A. Camden
CAMDEN & MERIDEW, PC
jc@camlawyers.com

Nancy L. Green
CAMDEN & MERIDEW, PC
ng@camlawyers.com

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov